**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Richard A. Waite

      v.                                    Civil No. 18-cv-290-JL

Thomas Barnard, Christine C. List, and
the New Hampshire Appellate Defender Program


**REPORT AND RECOMMENDATION**

Before the court is plaintiff Richard A. Waite's complaint
(Doc. No. 1) asserting claims against the New Hampshire
Appellate Defender Program ("NHADP") and NHADP Attorneys Thomas
Barnard and Christine List.  The matter is here for preliminary
review pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).


**Preliminary Review Standard**

The court conducts a preliminary review of prisoner
complaints filed in forma pauperis.  See 28 U.S.C.
§§ 1915(e)(2), 1915A; LR 4.3(d)(1);.  In conducting its
preliminary review, the court construes pro se complaints
liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per
curiam).  Stripped of legal conclusions, and with all reasonable
inferences construed in plaintiff's favor, the complaint must
contain "sufficient factual matter, accepted as true, to 'state
a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (citation omitted).  Claims may be dismissed if, among

other things, the complaint fails to state a claim upon which

relief may be granted.  <u>See</u> 28 U.S.C. §§ 1915(e)(2),

1915A(b)(1); LR 4.3(d)(1)(A).


## Background

Waite asserts here that the representation he received from

the NHADP and Attorneys List and Barnard in his unsuccessful

appeal of his state criminal conviction, <u>see</u> <u>State v. Waite</u>, No.

2016-0233 (N.H. Mar. 8, 2018), violated his Sixth Amendment

right to the effective assistance of appellate counsel.  Waite

asserts that the defendants' representation of him was affected

by a conflict of interest which he did not waive.


## Discussion

### I.    Non-State Actors

Waite asserts a claim for damages, construed by this court

as intending to be asserted under 42 U.S.C. § 1983.  Section

1983 authorizes claims for relief filed by plaintiffs asserting

that a defendant acting under color of state law violated their

federal rights.  Waite points to no other federal law that

provides a cause of action for his claims.

In general, a "public defender does not act under color of

state law when performing a lawyer's traditional functions as

2

counsel to a defendant in a criminal proceeding." Polk Cnty. v.
Dodson, 454 U.S. 312, 325 (1981).  A public defender can be held
to have engaged in state action for purposes of § 1983 only
under limited circumstances, none of which are present here.
See Georgia v. McCollum, 505 U.S. 42, 54 (1992) (describing
circumstances under which public defender could be deemed to be
state actor for purposes of § 1983).  By the same token, the
representation provided by the NHAPD defendants at issue here
cannot be deemed to have been provided under color of state law.
See Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997)
(court-appointed appellate attorneys are not subject to suit
under 42 U.S.C. § 1983 for performing lawyer's traditional
functions of representing criminal defendant).  Therefore,
Waite's claims against the NHAPD and the NHAPD defendants should
be dismissed.

## II.  **Heck Doctrine**

Under Heck v. Humphrey, 512 U.S. 477 (1994), federal courts
must dismiss claims asserted under 42 U.S.C. § 1983, if a
favorable judgment would necessarily imply the invalidity of
that person's conviction or sentence, unless the conviction or
sentence has been previously reversed, expunged, or otherwise
declared invalid.  Id. at 487.  The Heck rule provides a
separate basis for dismissing this action, as Waite's claims of
violations of his Sixth Amendment rights, if successful, would

necessarily imply the invalidity of his state conviction, which has not previously been invalidated.    Therefore, Waite's claims are barred by <u>Heck</u>.

## Conclusion

For the foregoing reasons, this action should be dismissed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.    <u>See</u> Fed. R. Civ. P. 72(b)(2).    The fourteen day period may be extended upon motion.    Failure to file objections within the specified time waives the right to appeal the district court's order.    <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

May 10, 2018

cc:    Richard A. Waite, pro se